C. Craig Woo (SBN 128783)
Christopher A. Gelpi (SBN 288443)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
(213) 689-0404 - Office
(213) 689-0430 - Fax
WooC@jacksonlewis.com
Christopher.Gelpi@jacksonlewis.com

Attorneys for Defendant
FORWARD AIR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIDHA ALMANSORI, an individual,<br><br>                     Plaintiff,<br><br>vs.<br><br>FORWARD AIR, INC., a Tennessee corporation; and DOES 1through 50, inclusive,<br><br>                  Defendants. | CASE NO.: *Pending*<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT PURSUANT TO 28 U.S.C. §§ 1441(a) AND (b); § 1332(a) (DIVERSITY)**<br><br>(Filed concurrently with Declarations of Michael P. McLean and C. Craig Woo; Disclosure Statement; Certificate and Notice of Interested Parties; and Civil Case Cover Sheet) |

THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF RIDHA ALMANSORI AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant FORWARD AIR, INC. hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332(a) and 1441(a) to remove this action from the Superior Court of California in and for the County of Los Angeles on the grounds of diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(a).

## INTRODUCTION

1.     On March 7, 2016, Plaintiff Ridha Almansori ("Plaintiff") filed a civil complaint against Forward Air, Inc. ("Defendant") in the Superior Court of the State of California in and for the County of Los Angeles captioned *Ridha Almansori v. Forward Air, Inc. and Does 1 through 50, inclusive*, Case No. BC612953.  Declaration of C. Craig Woo, Esq., ("Woo Decl."), ¶ 3; A true and correct copy of the Summons, Complaint and other related court documents are collectively attached as Exhibit "A."

2.     On March 9, 2016, Plaintiff served the Summons, Complaint and other related Court documents on National Corporate Research, the agent for service of process for Defendant.   Declaration of Michael P. McLean, ("McLean Decl."), ¶ 6. The Complaint specified the amount of damages sought to be in excess of $150,000.  *See* Prayer to the Complaint; Woo Decl., ¶ 3; Exhibit "A" attached.

3.     On April 5, 2016, Defendant filed and served its Answer to Plaintiff's Complaint in the Los Angeles County Superior Court.  Woo Decl., ¶ 4; Exhibit "B" attached.

4.     Exhibits A and B constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal. Woo Decl., ¶ 5.

5.     This Notice of Removal is being timely filed because Defendant has filed this Notice within 30 days after service of the pleadings from which it could first determine that this action was removable and less than one year after commencement of this action, as required under 28 U.S.C. § 1446(b)(1).

6.     Defendant is informed and believes Plaintiff was, at the time he filed this action and still, is a citizen of the State of California as alleged in paragraph 6 of the Complaint.

7.     In accordance with 28 U.S.C. §1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Superior Court of California for the County of Los Angeles.  Therefore, all procedural requirements under 28 U.S.C. § 1446

will be satisfied.

## REMOVAL BASED ON DIVERSITY JURISDICTION

8.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(a) in that it is a civil action between a citizen of one state and a citizen of a different state and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

9.     Plaintiff is a resident of California.  Complaint, ¶ 6.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Defendant therefore is informed and believes that Plaintiff is, and was at all times relevant to the removal of this action, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a).

10.     A corporate defendant "shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. §1332(c)(1).

11.     At the time Plaintiff filed his Complaint and at the present, Defendant maintained and presently maintains its principal place of business in Tennessee.  McLean Decl., ¶ 4.

12.     The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010).  In practice, a corporation's "nerve center" is generally its corporate headquarters, provided that this is the actual center of direction, control, and coordination and is not simply an office where board meetings are held.  *Id*. at 1192.  In evaluating where a corporation's "nerve center" is located, courts will look to the center

of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

13. The corporate headquarters of Defendant is located in Greeneville, Tennessee. McLean Decl., ¶ 5. The primary executive and administrative functions of Defendant are conducted within the state of Tennessee. *Id.* Defendant's Chief Financial Officer, Senior Vice President, Treasurer and Chief Accounting Officer, Chief Legal Officer and Chief Accounting Officer have offices and reside in the state of Tennessee. *Id.* Defendant does not have any officers with offices in California or who reside in California. *Id.* Defendant's primary finance, accounting, tax, legal and purchasing departments operate out of Defendant's headquarters in Tennessee. *Id.*

14. Therefore, Defendant's "nerve center" and principal place of business establishes it is the subject of a foreign state.

15. Defendant is a citizen of Tennessee for purposes of diversity of citizenship. Accordingly, under 28 U.S.C. section 1332(c)(1), there is complete diversity of citizenship between the parties.

16. The presence of Doe Defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. §1441(a) "For purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Further, there are no other Defendants which have been named other than Forward Air, Inc. Thus, it is not necessary for any other parties to join in the removal of this action to this Court.

17. Defendant is unaware of any other Defendant having been named or served with the Complaint in this action. Accordingly, all named Defendants join in the removal of this action to federal court.

18. For the foregoing reasons, diversity of citizenship has been satisfied.

## AMOUNT IN CONTROVERSY

19. The amount in controversy in this case exceeds the sum of $75,000, for the following reasons.

20. The Complaint specifies that the total amount of monetary relief sought is in

excess of $150,000. *See* Prayer to the Complaint; Woo Decl., ¶ 3; Exhibit "A" attached.

21.     Furthermore, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may also consider the aggregate value of claims for attorney's fees. *See e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met . . ."). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See Simmons v. PCR Technology* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt*, *supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, *supra*, 209 F.Supp.2d at 1035. At the rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour). Plaintiff's attorney's fees alone will exceed $75,000 if the case proceeds to trial.

22.     Punitive damages are also included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n* 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co*., 871 F.Supp. 332, 334 (S.D. Iowa 1994).

23.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 2d 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not

measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

24.     Moreover, Plaintiff alleges that he was paid $1,000 per week.   *See* Complaint, p. 3:1.  Plaintiff alleges he was last employed by Defendant on March 30, 2015.  *See* Complaint, p. 2:19.  Accordingly, Plaintiff's claim for back pay amounts to approximately $53,000.  Therefore, the amount of back pay alone amounts to $53,000.

25.     Taken together, Plaintiff's request in the prayer of the Complaint for an amount in excess of $150,000 as well as the potential recovery for lost wages, emotional distress damages, punitive damages and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy.  It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial.  Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

26.     For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## **VENUE**

27.     For the purposes of removal only, venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) because the state action was filed in this District and this is the judicial district in which the action was initially pled.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CASE NO.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)

1         28.     WHEREFORE, for the foregoing reasons, this Court has original jurisdiction

2  of this matter pursuant to 28 U.S.C. § 1332(a), and removal of the action to this Court is

3  proper pursuant to 28 U.S.C. § 1441.  Accordingly, Defendant respectfully requests that

4  this action proceed in this Court.

5

6  Dated:    April 6, 2016                  JACKSON LEWIS P.C.

7

8                                By:    /s/ C. Craig Woo

9                                        C. Craig Woo

                                      Christopher A. Gelpi

10                                        Attorneys for Defendant

11                                        FORWARD AIR, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

    4837-6709-7648, v.  1

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
CASE NO.                            §1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)